**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| GREGORY CLAWGES, JEFFREY LEACH, BRIAN MITCHELL, KURT TAYLOR, ANTONIO BROWN, SHASTA MORGAN, MADELYN LEASURE, RAECHEL REES, and BRENT ARP, individually, and on behalf of all others similarly situated, | ) | |
| *Plaintiffs*, | ) | **Case No.: 1:25-cv-4090-NYW-STV** |
| v. | ) | |
| RED ROBIN INTERNATIONAL, INC., | ) | |
| *Defendant.* | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DFENDANT'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY**

Plaintiffs Gregory Clawges, *et al*. submits this Brief in Opposition to Defendant's Motion for Leave to Conduct Limited Discovery for the following reasons:

## I. INTRODUCTION

Plaintiffs dispute Defendant's contentions that it "conferred with Plaintiffs' counsel four (4) times about this request for reasonable and limited discovery, over the course of a week and a half between February 27, 2026 and March 10, 2026," and "Plaintiffs' counsel has not responded with her position regarding Defendant's requested discovery." See (ECF 52, p. 1).

Defendant's Counsel continue to make disingenuous and misleading statements regarding to Plaintiffs' Counsel, acting in an overall vexatious manner in this litigation. Defendant's Counsel repeatedly set arbitrary deadlines, when there is no imminent need for such, and then claim Plaintiffs refuse to respond to Defendants. As set forth below, Defendant's Counsel are trying to use the discovery and discovery dispute process as improper leverage.

## II. FACTUAL AND PROCEDURAL HISTORY

At the February 24, 2026 hearing, Ryan Lessmann told Plaintiffs' Counsel that he and Ms. Panagakos were not taking over this case from Mr. Magnus and Mr. Charner, but rather were only local counsel. On February 27, 2026, Mr. Lessmann emailed Plaintiffs' Counsel, stating: "Melisa and I would like to have a call with you to discuss taking some discovery of the named and opt-in plaintiffs (2 hour depositions), as well as to discuss briefing schedule as ordered by the court. Do you have any time on Monday?" *See* Ex. 1. On March 3, 2026, Mr. Lessmann emailed Plaintiffs' counsel, stating: "Diana –Following up on this – is there a good time to connect soon?" *See* Ex. 1.

On March 3, 2026, Plaintiffs' Counsel served Plaintiffs' Request for Production of Limited Discovery on Mr. Lessmann and Ms. Panagakos, as they were the only counsel of record. *See* Ex. 2. Mr. Lessmann responded, "Please get back to me on my request to confer with you regarding depositions and a briefing schedule. This is now my third request and in the meantime you served discovery." *See* Ex. 2. On March 4, 2026 (11:17 am), Plaintiffs' Counsel responded:

> Magistrate Judge Varholak stated my FAC was to be filed by February 26, 2026 and my RFPs were to be served within seven (7) days of the hearing, so I was simply complying with such. I apologize if this took you by surprise.
> As far as the briefing schedule, I don't see any reason why we can't come up with a reasonable agreement regarding that - why don't you email your proposal for such?
> For the 30(b)(6) deposition, I am in need of the discovery to determine with "reasonable particularity the matters on which examination is requested." I am hopeful you can produce the discovery on a rolling basis, so that I am able to review and begin formulating topics as soon as possible - are you able to do that? For instance, I think it should be very easy to produce the full Docusign Envelopes for the arbitration agreements and also the full Workday Activity Reports requested in RFP No. 1; I understand the remaining RFPs may take some time, but I would appreciate it if you could provide those two things as soon as possible. The District of Colorado has provided a very helpful guide to 30(b)(6) depositions in their jurisdiction, attached, and I believe working together, we will be able to resolve a lot of the arbitration agreement veracity issues.

*See* Ex. 2.

Plaintiffs' Counsel then followed up (12:15 pm), stating: "In going back through my emails regarding the "third request," were you referencing depositions other than the ordered 30(b)(6)?" *See* Ex. 2. On March 6, 2026 (Friday, 4:55 pm), Mr. Lessmann responded:

> Following up regarding the scheduling order and discovery.
> 1. Scheduling Order: We propose that Defendant's responsive pleading to Plaintiffs' Amended Complaint be due 30 days after the close of discovery. …
> 2. Discovery: In that the court allowed for some limited discovery, Red Robin seeks to: (a) serve 5 Requests for Production of Documents to each Plaintiff who is claiming that they did not sign their arbitration agreements, and (b) take a two-hour (time on the record) deposition of each such Plaintiff. Will you agree to this limited discovery? Please let us know by end of day Monday.

*See* Ex. 1.

On March 10, 2026 (9:24 am), Plaintiffs' Counsel responded: "I'm out of the office this week. I do think #1 looks good and we can submit a joint proposed. I will look at #2 next week, but can you please expound on what it is you're looking for?" *See* Ex. 1. Later that day (8:06 pm), without responding to Plaintiffs' Counsel's email, Defendant filed its Motion for Leave to Conduct Limited Discovery. (ECF 52).

On March 12, 2026 (1:15 pm and 2:16 pm), Plaintiffs' Counsel emailed Defendant:

> Following up on the below. What are you seeking from the Plaintiffs? We may be able to come to an agreement related to such.
> Frankly, your timing and then request for discovery without any detail seems premature and punitive. We have put forth our current argument regarding Brent Arp, but without your discovery, we are unable to fully espouse our position regarding Mr. Arp and the remaining Plaintiffs. As such, I don't see how you seeking "general" discovery from the Plaintiffs at this time contributes to resolving any issues. The point of us working together is to attempt to resolve the issues related to the veracity of the arbitration agreements - which, again, to date, you have not even provided complete copies of the full Docusign Envelopes of such. That is why we asked for production of the full Docusign Envelopes of the Arbitration Agreements and full Workday Activity Reports for the Plaintiffs as soon as possible, so that we may attempt to resolve these issues and determine what, if any, is needed for a 30(b)(6) deposition. Instead of responding to such, you file for general discovery and disingenuously claim Plaintiffs won't put forth an opinion on your discovery request, without providing any detail to allow for an opinion. You also filed such without

> any basis to support your request, either by citation to a Federal Rule, any caselaw, or any facts to support your request. You also fail to list what you are seeking, despite filing pages and pages of briefing stating how improper you thought this was for the Plaintiffs.
> In sum, Plaintiffs are actually following Magistrate Judge Varholak's order to work together and attempt to informally resolve issues. Please provide what it is the Defendant is seeking from Plaintiffs. Then we should discuss whether such is premature at this time.
> … [new email]
> Also, I will be in Florida on Spring Break the week of April 6th - do you consent to me obtaining additional dates for the April 8, 2026 hearing from Magistrate Judge Varholak's clerk? I am available that next week.

*See* Ex. 1.

On March 12, 2026 (4:55 pm), without responding to Plaintiffs' email, Defendant's Counsel, Mr. Charner, email Plaintiffs' Counsel in a separate email:

> We have reviewed your discovery requests, and we are working on responses. None of the discovery requests are relevant to any Plaintiffs other than those who claim that they did not sign their arbitration agreement(s). In order to avoid getting into a discovery dispute about this subject (which the Court asked us to avoid), we are reaching out to you about this well before our responses are due to meet and confer about this issue early. Please identify: (1) which specific Plaintiffs claim that they did not sign their arbitration agreements, and (2) which specific arbitration agreements those Plaintiffs claim that they did not sign. Absent a timely response from you, we will object to producing any discovery related to any Plaintiff who does not claim that he/she did not sign the arbitration agreement(s). Pursuant to the Court's directive, we would like to avoid a dispute on this issue if at all possible.

*See* Ex. 3.

On March 13, 2026 (12:49 pm), Plaintiffs' Counsel emailed Defendant, stating:

> (1) Please be advised that one of my best friend's 14-year old daughter, who shares a birthday with my son, died this week. I will be out of the office traveling and attending funeral services next week, from Monday through Thursday. I expect to be back in the office on Friday, March 20, 2026. I told Mr. Charner on Monday and you, Ryan, on Tuesday, that I was out of the office this week, but you still represented to the Court that I was refusing to respond to you with my positions. Please keep this in mind as you make representations to the Court and demand "timely responses."
> (2) I have not received a response to my emails, below. Please review and respond.
> (3) At 4:55 pm yesterday, I received the following email from Jed Charner …
> **I was further surprised by Mr. Charner's email because, you, Ryan, - and I'm paraphrasing, but I can order the transcript, if needed - requested the Court order**

> **me to provide this information prior to allowing the limited discovery, which Magistrate Judge Varholak declined to do. I understand Mr. Charner was not at the hearing, and, thus, may not be aware of such. However, with this information, we expect Defendant to proceed in good faith and in accordance with Federal and Local Rules - and we do not see how Defendant's position, as set forth by Mr. Charner, is in accordance with either.**
> If you do still believe Defendant's position as set forth by Mr. Charner is appropriate, I would like to remind you of Magistrate Judge Varholak's Uniform Civil Practice Standards: …
> In light of the above, if you still believe there is a discovery dispute, please follow the rules and set forth your legal and factual basis for each of your positions and any compromise position that would be acceptable. For instance, from the above, I see the word "relevant" - is that the basis of your objections to responding to all of the RFPs? Can you please explain further your legal and factual basis with regard to the five (5) RFPs, especially in light of Plaintiffs' motions and briefing discussing the basis of and the hearing where Plaintiffs discussed the basis of - and was awarded - limited discovery concerning the signing of and the validity of signatures on the arbitration agreements.
> Once you have done so, I will respond with the legal and factual basis for each of my positions and any compromise position that would be acceptable. **Then we need to set a time to truly discuss and attempt to resolve such by telephone.**
> As a final matter, Magistrate Judge Varholak also specifically ordered Defendant to provide full copies of all arbitration agreements outside the five (5) allowed RFPs - and still, to date, Plaintiffs have not received these full Docusign Envelopes - despite requesting such as soon as possible.

*See* Ex. 1.

On March 16, 2026 (12:05 pm), without responding to Plaintiffs' email, Defendant's Counsel, Mr. Charner, emailed Plaintiffs' Counsel in a separate email:

> We intend to request to be allowed an additional 10 pages (25 pages total) for our response to Plaintiffs' Motion for Notice and Conditional Certification. Do you consent to this request?

*See* Ex. 4.

On March 17, 2026 (1:08 pm), Plaintiffs' Counsel responded:

> I received the following email from Jed Charner on March 16, 2026 (12:05 pm): "We intend to request to be allowed an additional 10 pages (25 pages total) for our response to Plaintiffs' Motion for Notice and Conditional Certification. Do you consent to this request?"
> While we are discussing professional courtesies, please provide your response on my

inquiries below.

*See* Ex. 1.

On March 17, 2026 (3:58 pm), Mr. Charner, emailed Plaintiffs' Counsel:

In principle, we consent to rescheduling the April 8 hearing. We also consent to your requested extension to file a Response to our Motion for Discovery. The hearing needs to be rescheduled further out so that you will have filed a Response and we will have filed a Reply before the hearing.

We need to file the attached proposed scheduling order as soon as possible. We sent this to you last Wednesday. Please review and let us know if you approve it. If you have any different position on anything, please insert your position and we will file.

With respect to Defendant's discovery, we have explained multiple times that we seek two hours of deposition time on the record for each Plaintiff who claims that he/she did not sign arbitration agreement(s) in order to question them about their allegations that they did not sign their agreements. Defendant seeks to serve five requests for production of documents related to the same allegations, including documents related to their arbitration agreements, documents related to their claims that they did not sign their arbitration agreements, and documents reflecting their IP addresses.

Your characterization of the Court's order regarding Plaintiffs' discovery is not correct. There is no logic or basis for any Plaintiff to serve any discovery if he/she who is not claiming to have not signed his/her arbitration agreements. Plaintiffs' entire basis for seeking discovery was premised on the claim that they did not sign their arbitration agreements. None of the discovery is relevant to any Plaintiffs who do not claim that they did not sign their arbitration agreements. It is puzzling - and telling - that even after you served discovery, you still refuse to inform us which Plaintiffs claim that they did not sign their arbitration agreements. This is a basic threshold fact that was the entire premise of Plaintiffs seeking discovery. We raised this objection early - weeks before Defendant's objections and responses are due - to address this basic threshold issue.

Please explain:

- Why are any of the discovery requests relevant to any Plaintiff who does not claim that he/she did not sign the arbitration agreements?
- Why are you refusing to tell us which Plaintiffs claim that they did not sign their arbitration agreements?

You are also mischaracterizing the Court's order regarding producing arbitration agreements. The order stated: "Defendant shall produce arbitration agreements for the named Plaintiffs in this action." The order does state that Defendant shall produce "full Docusign Envelopes." The order does not mention "Docusign Envelopes" a single time. That may be something that you could have requested within your discovery requests.

We have already produced to you the full arbitration agreements for all Plaintiffs. Which Plaintiffs' arbitration agreements do you not have?

Please let us know when you are available for a call to discuss the discovery issues and

rescheduling of the briefing deadlines and hearing.

*See* Ex. 1.

Thirty-three (33) minutes later, on March 17, 2026 at 4:31pm, Defendant's filed their Motion for Leave to Exceed Page Limit, which was stricken for failure to follow D.C.COLO.LCivR 7.1(a). (ECF 57 and 58). On March 18, 2026 (6:33 am), Mr. Charner emailed Plaintiffs' Counsel, removing his March 17, 2026 email from the chain, stating: "We have responded to your inquiries. Please let us know by noon today whether you consent to our request for a page-limit increase for our response to Plaintiffs' Motion for Notice and Conditional Certification." Plaintiffs' Counsel responded with such consent. *See* Ex. 5.

On March 19, 2026 (10:05 am), Mr. Charner emailed Plaintiffs' Counsel, stating:

> I am following up about the scheduling order. It is almost a month now since the Court's February 24 order instructing the parties to file a proposed schedule. We need to get this on file to comply. We sent this to you last Wednesday. It is two pages. Please review and let us know if you approve it. If you have any different position on anything, please insert your position.

On March 23, 2026 (10:47 am), Plaintiffs' counsel emailed Defendant, stating, "Please provide your date range for rescheduling the April 8, 2026 hearing." *See* Ex. 5. At 1:53 pm, Mr. Charner emailed Plaintiffs' Counsel, stating:

> This is our fourth email regarding the draft joint proposed scheduling order. On March 10, you emailed us that our proposal for the scheduling order looks good, and we would be able to submit a joint proposed order. On March 11, we sent you a draft proposed scheduling order for your review and approval. You did not respond whether you approve the draft. We emailed you twice last week, on March 17 and again on March 19, asking whether you approve the draft proposed scheduling order. You did not respond to either of those emails.
> The draft is attached again. Please let us know by 5 PM CT today whether you approve us to file this as a joint proposed scheduling order. If you do not respond by then, we will file this as Defendant's proposed scheduling order, and we will explain that you have not responded to multiple communications from us regarding a joint proposed order.

*See* Ex. 6.

At 2:38 pm, Plaintiffs' Counsel responded:

> Eric or Ryan – can you please respond with your available dates for moving the April 8, 2026 hearing.
> I know that Jed wants to run the schedule of this case, but there's no imminent priority for the rescheduling of the motion to dismiss/motion to compel arbitration deadline, and there has not been a deadline set for such. We are agreed on such in principle. Filing something that states otherwise it just disingenuous - and wastes the court's time. Jed's threats are really getting old.

*See* Ex. 6.

At 3:28pm, Mr. Charner emailed Plaintiffs' Counsel, stating:

> Previously, you stated that you would be seeking an extension to file a Response to our Motion for Discovery. On March 17, we responded that if you seek this extension, the hearing needs to be rescheduled further out so that you will have filed a Response and we will have filed a Reply before the hearing. Please send us proposed deadlines for your Response, our Reply, and proposed dates for a hearing after our Reply deadline. We will respond with our availability on those dates.
> If you are not seeking an extension to file a Response to our Motion for Discovery, then any days during the weeks of April 13 and 20 work for us for the hearing.

*See* Ex. 6.

On March 24, 2026 (8:49 am), Plaintiffs filed their Unopposed Motion for Continuance of April 8, 2024 Hearing. (ECF 62). At 1:02 pm, Defendant filed its Proposed Discovery and Briefing Schedule, stating:

> Following that Order, Defendant's undersigned counsel has conferred via email with Plaintiff's counsel five times regarding this Proposed Briefing Schedule, between March 10 and March 23, 2026. Plaintiffs' counsel has stated twice that she agrees in principle with this proposal scheduling Defendant's responsive pleading deadline thirty (30) days after the close of the limited discovery period. However, despite not presenting any alternative positions, Plaintiffs' counsel has refused multiple times to respond whether she approves this proposed Discovery and Briefing Schedule so that this can be filed jointly by the Parties. Consequently, Defendant's counsel is not comfortable submitting this proposed schedule as a joint filing.

*See* (ECF 65, p. 1).

Notably, at the hearing on February 24, 2026, regarding a proposed timeline for discovery and briefing, Magistrate Judge Varholak stated:

> So why don't you confer afterwards today. I don't necessarily think that the motion to compel/motion to dismiss would need to impact the motion for certification. I think -- especially since it's been out -- the motion for arbitration has been out there already, and they're different issues. I mean, the issues for preliminary certification is how similar are all of these people? I'm sure one of the arguments against it -- I hope I'm not speaking out of turn, but I'm sure one's going to be some are subject to arbitration, some aren't. But that's already been -- at least some of that's been briefed already. …
>
> But I'll let you all confer over that and then just file something as to hopefully a joint way to move forward with the briefing schedule, but if you can't reach one, again, just competing -- motion for Court order on competing motions to move forward, you know, and you put yours first and then you add yours at the end, and I'll issue a ruling on all of that. Okay

*See* Ex. 7, p. 35-36 [Transcript].

Despite this, Defendant's Counsel (only Lessmann and Panagakos were present) left immediately after the hearing. Plaintiffs' Counsel attempted to find them in the hall and then inquired about them at the building's security entrance. Security stated they had left and pointed at Defendant's Counsel getting into a car at the corner.

## III. <u>ARGUMENT</u>

### a. Defendant's Motion Should be Denied Under D.C.COLO.LCivR 7.1(a)

In *Kohn v. Rieder Noram Inc*, this Court recently stressed the importance of following D.C.COLO.LCivR 7.1(a):

> As the parties are aware, D.C.COLO.LCivR 7.1(a) requires "counsel for the moving party...[to] confer or make reasonable, good faith efforts to confer with any opposing counsel ...to resolve any disputed matter" before filing a motion. The rule requires the moving party to "describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." D.C.COLO.LCivR 7.1(a). The requirement that counsel attempt "to resolve any disputed matter" means that counsel must engage in "meaningful negotiations." *See Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635–36 (D. Colo. 2003) (stating that Rule 7.1(a) "is not satisfied by one party sending a single e-mail[, letter,

or voice message] to another party" particularly where the communication "does not suggest any negotiation or compromise").

The motion states:

> Counsel for Plaintiffs attempted to confer with counsel for Rieder via email and telephone on the issues raised in this motion. Plaintiffs' attempts were unsuccessful. Plaintiffs, therefore, assume Rieder opposes the relief requested herein.

ECF No. 92 at 4. This does not meet Rule 7.1(a)'s requirements to describe "the specific efforts to fulfill this duty," but more importantly it appears to inform the Court that counsel complied with the rule when counsel did not. According to counsel for the defendants, counsel for the moving parties attempted to contact opposing counsel "after 4:15PM MT on the motion filing date...to 'confer' regarding the relief requested in this Motion.

However, based on the Plaintiffs' timing of the attempted conferral, counsel for the parties were unable to connect in advance of Plaintiffs' filing of its Amended Motion at 5:27PM MT." ECF No. 99 at 2 n.1. This does not satisfy Rule 7.1(a)'s conferral requirement.

While movants may consider this rule simply a formality, it serves an important purpose. It "is imposed in the hope that the parties' good faith discussions will either resolve completely or substantially narrow the dispute without the need for judicial intervention." *Lyall v. City of Denver*, No. 16-cv-02155-WJM-CBS, 2016 WL 7176716, at *2 (D. Colo. Sept. 28, 2016). Asking the Court to "[r]esolv[e] disputes that the parties themselves could have resolved, needlessly expends resources that could better be utilize[d] elsewhere." *Coumerilh v. Tricam Indus., Inc.*, No. 05-cv-02510-MEH-CBS, 2007 WL 437620, at *5 (D. Colo. Feb. 5, 2007). Spending limited court resources considering issues the parties have not even attempted to resolve through conferral wastes the Court's time.

Failure to comply with the duty to confer under Local Rule 7.1(a) is sufficient grounds, standing alone, on which to deny a motion. D.C.COLO.MJ V.1; *see, e.g., Allen v. Wal-Mart Stores, Inc.*, No. 19-cv-03594-KLM, 2021 WL 4133914, at *3 (D. Colo. Sept. 10, 2021) (denying motion for sanctions under Rule 37 for failure to confer); *Ordonez v. Marriott Int'l*, No. 20-cv-00541-REB-KLM, 2020 WL 9432907 (D. Colo. June 25, 2020) (denying motion to amend the complaint for failure to confer); *Lyall*, 2016 WL 7176716, at *2 (denying Fed. R. Evid. 502(d) motion without prejudice for failure to confer); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 4056578, at *2 (D. Colo. Aug. 14, 2014) (teaching that "violation of Local Rule 7.1(a) constitutes an independent basis to deny [a] motion"); *see also Coumerilh*, 2007 WL 437620, at *5 (D. Colo. Feb. 5, 2007) (ruling on motions to exclude expert testimony despite the failure to confer but imposing monetary sanctions on the filing party). The Tenth Circuit Court of Appeals has routinely affirmed the trial court's denial of a motion based solely on the moving party's failure to comply with a local rule. *See, e.g., Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011). Here, the Court will not

> deny the motion on the merits, though it could. Instead, it will deny the motion without prejudice so that the parties can attempt to resolve the issues in dispute through conferral, but the movants may still challenge Mr. Lonergan's testimony if the issues are not resolved.

No. 23-cv-01830-CYC, 2025 WL 2676045, at *1-2 (Sept. 18, 2025).

Here, like *Kohn*, Defendant did not make a reasonable, good faith effort to confer with Plaintiffs' Counsel to obtain what it "needed" before filing its motion. On February 27, 2026, Mr. Lessmann merely stated he wanted to "discuss taking some discovery of the named and opt-in plaintiffs (2 hour depositions)" – with no other information provided. *See* Ex. 1. On March 3, Mr. Lessmann merely stated he was following up his "request to confer with you regarding depositions and a briefing schedule" – with no other information provided. *See* Ex. 2. On March 6 (Friday at 4:55 pm), Mr. Lessmann stated "5 Requests for Production of Documents to each Plaintiff who is claiming that they did not sign their arbitration agreements, and (b) take a two-hour (time on the record) deposition of each such Plaintiff" – with no other information provided. *See* Ex. 1. On March 10, 2026, Plaintiffs' Counsel stated: "I'm out of the office this week. I do think #1 looks good and we can submit a joint proposed. I will look at #2 next week, but can you please expound on what it is you're looking for?" *See* Ex. 1. Defendant failed to respond and instead filed its Motion for Leave to Conduct Limited Discovery at 8:06 pm that night.

Defendant's Counsel was disingenuous and misleading when describing their specific efforts to fulfill the 7.1(a) duty. Defendant did not engage in "meaningful negotiations" at any point between February 27, 2026 and March 10, 2026. In fact, to date, Defendant has failed to provided Plaintiffs' Counsel enough information to determine what it seeks or even be able to "suggest any negotiation or compromise." Defendant's Motion for Leave to Conduct Limited Discovery seeks: "Defendant seeks to take equivalent, limited discovery to discover facts

regarding Plaintiffs' allegations that they did not sign the arbitration agreements." *See* (ECF 52, p. 2). However, Plaintiffs' Counsel has had to fight (and continues to have to fight) for discovery from Defendant because it is the only party in possession of the needed evidence - as Magistrate Judge Varholak noted at the hearing: "But right now, you're the only one who has the evidence of how this all went through. And in fairness, they should be granted the evidence so that they could either confidently say, We didn't sign it. That's not my signature." *See* Ex. 7, p. 15-16.

Even after Defendant filed its Motion for Leave to Conduct Limited Discovery, Plaintiffs' Counsel has attempted to determine what Defendant needs at this point in litigation:

> We have put forth our current argument regarding Brent Arp, but without your discovery, we are unable to fully espouse our position regarding Mr. Arp and the remaining Plaintiffs. As such, I don't see how you seeking "general" discovery from the Plaintiffs at this time contributes to resolving any issues. The point of us working together is to attempt to resolve the issues related to the veracity of the arbitration agreements - which, again, to date, you have not even provided complete copies of the full Docusign Envelopes of such. That is why we asked for production of the full Docusign Envelopes of the Arbitration Agreements and full Workday Activity Reports for the Plaintiffs as soon as possible, so that we may attempt to resolve these issues and determine what, if any, is needed for a 30(b)(6) deposition. Instead of responding to such, you file for general discovery and disingenuously claim Plaintiffs won't put forth an opinion on your discovery request, without providing any detail to allow for an opinion. You also filed such without any basis to support your request, either by citation to a Federal Rule, any caselaw, or any facts to support your request. You also fail to list what you are seeking, despite filing pages and pages of briefing stating how improper you thought this was for the Plaintiffs.
>
> In sum, Plaintiffs are actually following Magistrate Judge Varholak's order to work together and attempt to informally resolve issues. Please provide what it is the Defendant is seeking from Plaintiffs. Then we should discuss whether such is premature at this time.

Rather than specifying what or why Defendant was seeking discovery at this point in the litigation, Mr. Charner responded that Defendant's Counsel were not responding to Plaintiffs' discovery requests unless Plaintiff's Counsel first met its demands:

> None of the discovery requests are relevant to any Plaintiffs other than those who claim that they did not sign their arbitration agreement(s). In order to avoid getting into a

> discovery dispute about this subject (which the Court asked us to avoid), we are reaching out to you about this well before our responses are due to meet and confer about this issue early. Please identify: (1) which specific Plaintiffs claim that they did not sign their arbitration agreements, and (2) which specific arbitration agreements those Plaintiffs claim that they did not sign. Absent a timely response from you, we will object to producing any discovery related to any Plaintiff who does not claim that he/she did not sign the arbitration agreement(s).

To which Plaintiffs' Counsel forwarded to Mr. Ryan Lessmann, stating:

> I was further surprised by Mr. Charner's email because, you, Ryan, - and I'm paraphrasing, but I can order the transcript, if needed - requested the Court order me to provide this information prior to allowing the limited discovery, which Magistrate Judge Varholak declined to do. I understand Mr. Charner was not at the hearing, and, thus, may not be aware of such. However, with this information, we expect Defendant to proceed in good faith and in accordance with Federal and Local Rules - and we do not see how Defendant's position, as set forth by Mr. Charner, is in accordance with either.

Instead of Mr. Lessmann acknowledging that Plaintiffs' Counsel's statement was correct (*see* Ex. 7, p. 14-21, 25-27 [Transcript]), Mr. Charner doubled down, stating:

> Your characterization of the Court's order regarding Plaintiffs' discovery is not correct. There is no logic or basis for any Plaintiff to serve any discovery if he/she who is not claiming to have not signed his/her arbitration agreements. Plaintiffs' entire basis for seeking discovery was premised on the claim that they did not sign their arbitration agreements. None of the discovery is relevant to any Plaintiffs who do not claim that they did not sign their arbitration agreements. It is puzzling - and telling - that even after you served discovery, you still refuse to inform us which Plaintiffs claim that they did not sign their arbitration agreements. This is a basic threshold fact that was the entire premise of Plaintiffs seeking discovery. We raised this objection early - weeks before Defendant's objections and responses are due - to address this basic threshold issue.
>
> Please explain:
>
> - Why are any of the discovery requests relevant to any Plaintiff who does not claim that he/she did not sign the arbitration agreements?
> - Why are you refusing to tell us which Plaintiffs claim that they did not sign their arbitration agreements?

Further, and shockingly, Mr. Charner stated in that email that Defendant's Counsel would not provide the full Docusign Envelope of the arbitration agreements. *See* Ex. 1. Plaintiffs' have asked Defendant for the full Docusign Envelopes since January 23, 2026. Plaintiffs' Motion for Leave

to Conduct Limited Discovery stated: "Defendant has proffered to Plaintiffs' Counsel and this Court allegedly valid arbitration agreements which show a Docusign Envelope ID, but the full and complete 'envelope' or document has not been provided to Plaintiffs' Counsel or this Court." (ECF 26, ¶ 6). Magistrate Judge Varholak specifically ordered: "First, I'm going to require [D]efendants to produce the arbitration agreements for the named plaintiffs in this action. Defendants already agreed to produce that. They may have already produced it. But to the extent it hasn't been produced, I'm going order them to produce it." *See* Ex. 7, p. 26. For Defendant to suggest the partial documents it attached in its court filings – which Magistrate Judge Varholak had before him – were the arbitration agreements Magistrate Judge Varholak was referring to is disingenuous, vexatious, and designed to use the discovery dispute process as improper leverage.

Defendant has failed to comply with the duty to confer under Local Rule 7.1(a) and its motion should be denied.

**b. Defendant's Motion Should be Denied Under D.C.COLO.LCivR 7.1(d)**

"The Local Rules require that all motions 'involving a contested issue of law shall state under which rule or statute it is filed and [shall] be supported be a recitation of legal authority in the motion.'" *Curtis v. Lever Up Inc.*, No. 20-cv-01873-DDD-NYW, 2022 WL 1015181, at *4 (D. Colo. April 5, 2022); citing D.C.COLO.LCivR 7.1(d). "The failure to support a motion with legal authority is a sufficient basis for denial of a motion." *Id*. citing *Topp v. Lone Tree Athletic Club*, No. 13-cv-01645-WYD-KLM, 2014 WL 12772261, at *1 (D. Colo. Mar. 21, 2014). "As an initial matter, Plaintiff fails to identify under what rule or other legal authority he seeks an order to show cause. For this reason alone, Plaintiff's Motion for Order should be denied." *Gess v. USMS And 10th Circuit District Court*, No. 20-cv-01790-PAB-STV, 2020 WL 7319083, at *4 (Dec. 10. 2020

D. Colo.). "Parties must support their arguments with legal authority." *Robey-Harcourt v. BenCorp Fin. Co., Inc.*, 326 F.3d 1140, 1143 (10th Cir. 2003); citing *Phillips v. Calhoun,* 956 F.2d 949, 953–54 (10th Cir.1992); *United States v. Almaraz,* 306 F.3d 1031, 1041 (10th Cir.2002), *cert. denied* 537 U.S. 1241, 123 S.Ct. 1372, 155 L.Ed.2d 211 (2003). "The submission of unsupported and underdeveloped motions and arguments is unhelpful to the court and impedes the advancement of this litigation and the resolution of this case." *Overhead Solutions, Inc. v. A1 Garage Door Service, L.L.C.*, No. 19-cv-01741-PAB-NYW, 2021 WL 5882140, at 7 (D. Colo. Dec. 13, 2021).

Here, as set forth above, Defendant has filed an unsupported and underdeveloped motion - and has failed to cite to the rule or statute under which its motion is filed, much less support such with any legal authority. Defendant has failed to comply with the duty to confer under Local Rule 7.1(d) and its motion should be denied.

**c. Defendant's Motion Should be Denied as Unreasonable and Unduly Burdensome**

"[A] party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party,' Fed.R.Civ.P. 26(b)(1), may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Simpson v. University of Colo.*, 220 F.R.D. 354, 356 (D. Colo. Feb. 10, 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*; citing Fed.R.Civ.P. 26(c).

Here, Defendant - on one side of its mouth - is refusing to comply with Magistrate Judge Varholak's orders to produce discovery and work with Plaintiffs to determine the validity of the

arbitration agreements. On the other side of its mouth, Defendant is seeking discovery without (1) any legal authority, (2) any basis, and (3) any specificity – while being the only party in possession of the evidence needed to resolve the validity of the arbitration agreements. Defendant's motion is clearly premature, intended to expose Plaintiffs' to unnecessary expense, and punitive in attempting to limit Plaintiffs from asserting their right to dispute the arbitration agreements. Defendant's motion is unreasonable and unduly burdensome at this point in the litigation and should be denied.

## IV. CONCLUSION

Defendant's Motion for Leave to Conduct Limited Discover should be denied at this point in the litigation.

**AI CERTIFICATION:** The undersigned counsel certifies that generative artificial intelligence was not used to draft this filing.

DATED: March 24, 2026

Respectfully Submitted,

By: */s/ Diana E. Wise*
**Diana E. Wise**
WISE LAW LLC
1624 Carlyle Ave #800
Belleville, IL 62221
Ph: 217-556-8036
Email: dwise@wiseconsumerlaw.com

***Attorney for Plaintiffs, the Collective Action, and the Proposed Classes***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 24, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which sends notification of such filing to all counsel of record.

By: */s/ Diana E. Wise*
Diana E. Wise
WISE LAW LLC
1624 Carlyle Avenue #800
Belleville, IL 62221
Ph: 217-556-8036
Email: dwise@wiseconsumerlaw.com