**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Acton No. 1:25-cv-04090-NYW-STV

GREGORY CLAWGES,
JEFFREY LEACH,
BRIAN MITCHELL,
KURT TAYLOR,
ANTONIO BROWN,
SHASTA MORGAN,
MADELYN LEASURE,
RAECHEL REES,
BRENT ARP,
JANE BOGART, and
LARRY CREWS, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

RED ROBIN INTERNATIONAL, INC.,

Defendant.

---

**MINUTE ORDER**

---

**Entered by Judge Nina Y. Wang**

This matter is before the Court on:

(1) Plaintiffs' Motion for Notice and Conditional Certification Pursuant to 29 U.S.C. § 216(b) and Brief in Support of Plaintiffs' Motion for Notice and Conditional Certification Pursuant to 29 U.S.C. § 216(b) (collectively, "Motion for Conditional Certification")[1] [Doc. 13; Doc. 14, filed January 13, 2026]; and

(2) Defendant's Motion to Stay Litigation ("Motion to Stay Litigation") [Doc. 85, filed July 31, 2026].

---

[1] The Local Rules of Civil Practice and this Court's Civil Practice Standards contemplate that a motion and its briefing in support will be combined into one single document, D.C.COLO.LCivR 7.1(d); NYW Civ. Practice Standard 7.1A(a)(2), subject to the presiding judge's page limitations, NYW Civ. Practice Standard 10.1(c).

In their Motion for Conditional Certification, Plaintiffs seek conditional certification of a collective action under the Fair Labor Standards Act ("FLSA") and a court-ordered notice to potential opt-in collective members. [Doc. 13]. In support of the Motion for Conditional Certification, Plaintiffs offer declarations of named-Plaintiffs Gregory Clawges, Jeffrey Leach, Brian Mitchell, Antonio Brown, Shasta Morgan, Kurt Taylor, and Raechel Rees ("Original Named Plaintiffs"), along with Casey Lemasters, Damon Snyder, and James Price. *See* [Doc. 14-5; Doc. 14-6; Doc. 14-7; Doc. 14-8; Doc. 14-9; Doc. 14-10; Doc. 14-11; Doc. 14-12; Doc. 14-13; Doc. 14-14]. Jory Cook, Kyle Myers, Brent Arp, and Jamie Hoff ("Opt-in Plaintiffs"), filed consents to join this case as Opt-In Plaintiffs on January 22, 2026 and January 26, 2026. [Doc. 20, filed January 22, 2026; Doc. 22, filed January 26, 2026]. Plaintiffs later filed a First Amended Collective and Class Action Complaint adding Brent Arp as a named-Plaintiff (together with Original Named Plaintiffs, the "Named Plaintiffs"), [Doc. 51, filed February 25, 2026], and a Second Amended Collective and Class Action Complaint adding Jane Bogart and Larry Crews as named-Plaintiffs, [Doc. 95, filed September 4, 2026].

On July 31, 2026, Defendant Red Robin International, Inc. ("Defendant" or "Red Robin") filed Defendant's Renewed Motion to Compel Arbitration of Named Plaintiffs and Opt-in Plaintiffs ("Motion to Compel Arbitration"), arguing that all but one of the Named Plaintiffs and all the Opt-in Plaintiffs signed one or more arbitration agreements against Red Robin, including claims under the FLSA and state wage laws, on an individual basis. [Doc. 84 at 2]. In conjunction with the Motion to Compel Arbitration, Red Robin has filed its Motion to Stay Litigation involving Plaintiff Gregory Clawges (who did not sign an arbitration agreement and is unequivocally not subject to the Motion to Compel Arbitration), pending the outcomes of the arbitrations anticipated by Red Robin. [Doc. 85]. Plaintiffs have opposed the Motion to Stay Litigation. [Doc. 89].

District courts have broad discretion to manage their respective dockets in order to achieve the orderly and timely disposition of cases. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009); *Schupper v. Colo. Dep't of Corr.,* No. 12-cv-02009-WYD-BNB, 2013 WL 4516364, at *1 (D. Colo. Aug. 26, 2013). Upon review, this Court finds that the resolution of the Motion to Compel Arbitration may have a material impact on the evidence in support of Plaintiffs' Motion for Conditional Certification and in turn, the Court's analysis of such Motion. Depending upon the outcome of the Motion to Compel Arbitration, this Court may order the Parties to first address whether testimony by any plaintiffs compelled to arbitrate may still be considered for the purposes of this action, or whether such evidence must be omitted. Alternatively, the Court may reinstate the existing Motion for Conditional Certification and associated briefing without permitting any further briefing.

However, Defendant's Motion to Stay Litigation is not well-taken. "[T]he mere fact that piecemeal litigation [may] result[] from the combination of arbitrable and nonarbitrable issues is not reason enough to stay [an] entire case." *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998). Here, Mr. Clawges's claims do not present any risk of piecemeal litigation as to him. And Defendant cites no authority—and this Court knows of none—to support the proposition that an arbitrator's decision <u>in a</u>

separate proceeding involving different individuals would have any preclusive effect upon this Court. This Court is not bound by the decisions of other, out-of-circuit district courts. *See United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) ("[D]istrict courts in this circuit are bound by [Tenth Circuit] decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts, much less district courts in other circuits."). Nor is it persuaded by them, and respectfully disagrees that any concern that Red Robin has regarding the potential destruction of "Red Robin's contractual rights to meaningful individual arbitrations of the other Plaintiffs' claims," [Doc. 85 at 11–12], trumps Mr. Clawges's, or any other potential opt-in member who is not subject to arbitration agreements, right to proceed in federal court in a just, speedy, and inexpensive manner. Fed. R. Civ. P. 1.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiffs' Motion for Notice and Conditional Certification Pursuant to 29 U.S.C. § 216(b) [Doc. 13] is **DENIED without prejudice**, subject to re-filing or reinstatement after the resolution of Defendant's Renewed Motion to Compel Arbitration of Named Plaintiffs and Opt-in Plaintiffs [Doc. 84]; and

(2) Defendant's Motion to Stay Litigation [Doc. 85] is **DENIED**.

DATED: September 10, 2026